UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA BRAITHWAITE,

    Petitioner,

v.                                        Case No. 17-cv-1372-pp

WARDEN SCOTT ECKSTEIN,

    Respondent.

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), AND GRANTING PETITIONER'S MOTIONS FOR STAY AND ABEYANCE (DKT. NOS. 4, 6)**

Petitioner Joshua Braithwaite filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2014 judgment of conviction in Milwaukee County Circuit Court on charges of murder, sexual assault and kidnapping. Dkt. No. 1. On appeal in state court, the petitioner argued that the trial court erred in denying his motion for a mistrial after his probation agent revealed to the jury that the petitioner had a prior sexual offense conviction. State v. Braithwaite, 2016 WL 7177464, *1 (Wis. Ct. App. Dec. 7, 2016). The Wisconsin Court of Appeals affirmed the conviction based on the trial court's cautionary instructions, post-verdict *voir dire* and assurances from each juror that the information did not impact their verdicts. Id. at *3. The Court of Appeals also found sufficient evidence to support the finding of guilt. Id. The

1

Wisconsin Supreme Court denied the petition for review on March 13, 2017. State v. Braithwaite, 374 Wis. 2d 161 (2017).

I.    **Motion for Leave to Proceed Without Prepayment of the Filing Fee**

The petitioner filed a motion for leave to proceed without prepayment of the $5.00 filing fee. Dkt. No. 2. The court has reviewed the petitioner's affidavit and trust account statement, and is satisfied that the petitioner does not have funds available to pay the $5 filing fee. The court will grant the motion.

II.   **Rule 4 Screening and Motions for Stay**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of *habeas corpus* petitions, and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." At this stage, the court reviews the petition and any exhibits to determine whether the petitioner has stated constitutional or federal law claims that are cognizable on *habeas* review, exhausted in the state court system and not procedurally defaulted.

The petitioner raises three grounds for relief. The first issue he raises—whether the trial court erroneously exercised its discretion when denying his motion for a mistrial after the probation agent revealed his prior adjudication for a sexual offense—is one that he raised in his state court appeal. In the §2254 petition, however, he frames the issue as a violation of his right to a fair trial. It is not clear whether that is the way he presented the issue to the *state* courts. See State v. Braithwaite, 2016 WL 7177464 at *1. The other two

grounds he raises here are whether he had notice of the investigation or the charges on which he was convicted, and whether officers coerced him into making an involuntary self-incriminating statement using "trickery" and misconduct. Dkt. No. 1 at 7-8. He concedes that he did not raise the last two grounds in state court, explaining that his post-conviction counsel was ineffective. Id.

On October 10, 2017, the court received from the petitioner a motion, asking the court to stay the federal *habeas* proceedings while he exhausted his state court remedies. Dkt. No. 4. Specifically, he indicated that he was pursuing a Wis. Stat. §974.06 petition regarding his allegation that his post-conviction counsel was ineffective. Id.

On October 13, 2017, the court received a second motion from the petitioner, again asking the court to stay the federal *habeas* proceedings so that he could exhaust his remedies in state court. Dkt. No. 6.

Under 28 U.S.C. §2254(b)(1)(A), this court cannot grant *habeas* relief until a petitioner has first exhausted his available state court remedies. Generally, courts consider a claim exhausted if a petitioner presents it through one "complete round of the State's established appellate review process." Woodford v. Ngo, 548 U.S. 81, 92 (2006). If a petitioner presents a claim in federal court that has not been exhausted in state court, the federal court has several options—dismiss the federal case entirely; stay the federal case to let the petitioner go back to state court to exhaust his remedies; or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C.

3

§2254(b)(1)(A); see also Rhines v. Weber, 544 U.S. 269, 278 (2005). For that reason, the Supreme Court has "instructed prisoners who are unsure about whether they have properly exhausted state remedies, to file a 'protective' petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)). "[W]henever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action." Id.

Liberally construing the allegations, the court finds that the petitioner has alleged colorable constitutional violations of the Fifth, Sixth and Fourteenth Amendments, and that he has shown good cause for failing to raise these arguments in state court. Nothing in the record suggests that the petitioner is bringing these claims to delay the litigation. The court will grant the petitioner's motion to stay and hold this case in abeyance while the petitioner returns to state court to exhaust his claims.

## III. Conclusion

The court **GRANTS** the petitioner's motion for leave to proceed without the prepayment of the filing fee. Dkt. No. 2.

The court **GRANTS** petitioner's motions to stay and hold this case in abeyance. Dkt. Nos. 4, 6.

The court **ORDERS** that the federal proceedings are **STAYED** until the petitioner has exhausted his state court remedies. The court **ORDERS** that, every **ninety (90) days** from today's date, the petitioner shall file with the court

4

a status report, letting the court know his progress in state court. The court further **ORDERS** that within thirty days after the conclusion of his state court proceedings, the petitioner shall file a notice with this court, informing the court that the state proceedings are finished.

Under the Memorandum of Understanding between the Attorney General and this court, the court will send a copy of the petition and this order to the Attorney General for the State of Wisconsin and the Warden of Green Bay Correctional Institution.

Dated in Milwaukee, Wisconsin this 30th day of October, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**