JOSHUA P. BRAITHWAITE,

    Plaintiff,

v.    Case No. 17-cv-1372-pp

SCOTT ECKSTEIN,

    Defendant.

**ORDER DENYING AS UNNECESSARY REQUEST FOR ADDITIONAL TIME (DKT. NO. 14) AND DENYING WITHOUT PREJUDICE MOTION TO REOPEN (DKT. NO. 15)**

On October 30, 2017, the court granted the petitioner's motions for stay and abeyance and stayed this case until the petitioner could exhaust his state court remedies. Dkt. No. 8. The court ordered that within thirty days after the conclusion of the state court proceedings, the petitioner must file a motion to reopen the case and lift the stay. Id. at 5.

On April 30, 2018, the court received from the petitioner a document "mov[ing] the court to let him finish up issues in the state court . . . ." Dkt. No. 14. The court took no action on that request; it didn't need to, because the case had been administratively closed. The petitioner could take all the time he needed in state court; all he needed to do was to file a motion to reopen this case once he had finished exhausting his state-court remedies.

But it appears that the petitioner was not clear on what was necessary to exhaust his state-court remedies. On November 22, 2022, the court received

1

from the petitioner a document asking the court to "reknown [sic] [his] writ of habeas corpus." Dkt. No. 15 at 2. The court construes that request as a motion to reopen the case and lift the stay.

The petitioner attached to his motion an order from the Wisconsin Court of Appeals dated November 15, 2022, denying his Knight petition.[1] Dkt. No. 15-1. The petitioner did not indicate whether he had filed, or planned to file, a petition for review in the Wisconsin Supreme Court. The court checked the publicly available docket for the Supreme Court; there is no indication that the petitioner sought any relief from the Supreme Court in 2022. To exhaust remedies, a petitioner must "invok[e] one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Wisconsin, that means that if the petitioner loses in the court of appeals, he must petition the Wisconsin Supreme Court for review. If the Supreme Court either refuses to grant review or reviews the decision of the Court of Appeals and confirms it, *then* the petitioner has exhausted his state remedies.

At this time, it is not clear to the court whether the petitioner has exhausted his state court proceedings. The court will deny without prejudice the petitioner's motion to reopen his case because it appears the motion is premature; he may file the motion after he has petitioned the Supreme Court for review and the Supreme Court has responded.

---

[1] State v. Knight, 168 Wis. 2d 509 (Wis. 1992), holding that a claim for ineffective assistance of counsel must be brought through a petition for *habeas corpus* filed in the court of appeals.

2

Case 2:17-cv-01372-PP    Filed 01/09/23    Page 2 of 3    Document 16

The court **DENIES AS UNNECESSARY** the petitioner's motion for additional time. Dkt. No. 14.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion to reopen the case. Dkt. No. 15.

Dated in Milwaukee, Wisconsin this 9th day of January, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3

Case 2:17-cv-01372-PP   Filed 01/09/23   Page 3 of 3   Document 16