UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA P. BRAITHWAITE,

        Petitioner,

  v.                                  Case No. 17-cv-1372-pp

WARDEN SCOTT ECKSTEIN,

        Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION TO REOPEN CASE (DKT. NO. 23) AND REQUIRING PETITIONER TO FILE AMENDED PETITION**

---

      On October 10, 2017, the petitioner, who is incarcerated at Green Bay Correctional Institution and representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his December 2014 conviction in Kenosha County Circuit Court for various offenses, including first-degree intentional homicide. Dkt. No. 1 at 1-2. Several days later, the petitioner filed a motion for stay and abeyance so that he could finish exhausting his state-court remedies. Dkt. No. 6. On October 30, 2017, the court granted that motion. Dkt. No. 8. The court stayed and administratively closed the petitioner's case. Id. at 5. The court also ordered the petitioner to file a status report every ninety days to advise the court of his progress in state court, and to file a motion asking the court to reopen his case within thirty days of the conclusion of his state court proceedings. Id.

1

On October 2, 2023, the petitioner filed a motion to reopen the case. Dkt. No. 23. The petitioner attached two orders from the Wisconsin Supreme Court for Case No. 2018AP1335. Dkt. No. 23-1. The first order—dated January 23, 2023—denied the petitioner's motion to extend the time in which to file a petition to review the court of appeals' decision and indicated that the Wisconsin Supreme Court did not have jurisdiction over the matter. Id. at 2. The second order—dated February 17, 2023—denied the petitioner's motion for reconsideration of the Wisconsin Supreme Court's January 23, 2023. Id. at 1. In a status report filed on September 5, 2023, the petitioner had indicated to this court that he was filing a "motion for writ of certiori in [the United States Supreme Court] soon/still preparing the motion." Dkt. No. 22. The petitioner's motion to reopen, however, indicates that after "review [of] case law and statute," he had determined that it would "not do no justice" for him to file a motion to the United States Supreme Court. Dkt. No. 23 at 1.

An incarcerated person in state custody must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement requires the petitioner to give the Wisconsin courts a full opportunity to review his arguments before he may seek federal habeas relief. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Such a "full opportunity" "includes presenting the claims to the state's highest court in a petition for discretionary review." Hicks v. Hepp, 871 F.3d 513, 530 (7th Cir. 2017) (citing Boerckel, 526 U.S. at 845).

The court has reviewed the publicly available docket in the petitioner's

case. See Braithwaite v. Boughton, Appeal No. 2018AP001335 (available at https://wscca.wicourts.gov/). This docket corroborates the materials the petitioner submitted.

Because the Wisconsin Supreme Court has ruled on the petitioner's motion for extension of time and his subsequent motion to reconsider, it appears that the petitioner has exhausted his state court remedies. The court will grant the petitioner's motion to reopen the case and require him to file an amended petition by the deadline the court will set below.

The court will include with this order a blank copy of this district's §2254 form petition. The petitioner must write "Amended" in the center of the first page above "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody." The amended petition must clarify the claims that the petitioner wishes to raise and indicate whether he has exhausted those claims. The court also will include a copy of this district's guide for *habeas* petitioners, "Habeas Corpus: Answers to State Petitioners' Common Questions." It may help the petitioner as he proceeds with his case.

The court **GRANTS** the petitioner's motion to reopen his case, dkt. no. 23, and **ORDERS** that the clerk **REOPEN** the case.

The court **ORDERS** that the petitioner must file an amended petition for writ of *habeas corpus* in time for the court to *receive it* by the end of the day on **December 15, 2023**. If the court does not receive an amended petition by the end of the day on December 15, 2023, the court may dismiss the petition for the petitioner's failure to follow the court's order. If the court receives an

3

Case 2:17-cv-01372-PP   Filed 10/27/23   Page 3 of 4   Document 25

amended petition by the end of the day on December 15, 2023, it will screen the amended petition.

Dated in Milwaukee, Wisconsin this 27th day of October, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**