# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA P. BRAITHWAITE,

    Petitioner,

    v.                                                        Case No. 17-CV-1372-SCD

KEVIN GARCEAU,
  *Warden, Columbia Correctional Institution,*

    Respondent.

## DECISION AND ORDER

       Joshua Braithwaite was tried in Wisconsin state court for the murder, rape, and kidnapping of a young woman. After the close of evidence, Braithwaite moved for a mistrial because the jury had seen information—a folder carried by one of the prosecution's witnesses—suggesting that Braithwaite was a convicted sex offender. The trial court denied the motion, Braithwaite was convicted of all three charges, and the state appellate court affirmed the convictions.

       Braithwaite has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state convictions. Although he asserts five potential grounds for relief in his petition, he was permitted to proceed on only one of those claims—that the trial court erroneously exercised its discretion when it denied the motion for mistrial. The respondent has moved to dismiss the petition, arguing that Braithwaite's claim is not cognizable on federal habeas corpus review because it is a matter of state law. Because Braithwaite did not fairly present his mistrial claim as a federal claim in state court, and

because Braithwaite has failed to show an excuse for that default, I will grant the respondent's motion, deny Braithwaite's petition, and dismiss this action.

## BACKGROUND

In 2012, the State of Wisconsin charged Braithwaite with first-degree intentional homicide, first-degree sexual assault, and kidnapping, all with use of a dangerous weapon and as a repeater, after a young woman's partially burned body was found in a Kenosha park. *See* Respt's Br. Ex. 2, at 1–2, ECF No. 37-2. Prior to trial, the State filed a motion seeking to introduce evidence of Braithwaite's juvenile adjudication involving a home invasion and sexual assault. The trial court denied the motion, finding that the pending charges were significantly dissimilar from the juvenile case and that any probative value was substantially outweighed by the danger of unfair prejudice.

The trial lasted ten days. *See* Ex. 2, at 2. On the sixth day of trial, Braithwaite's probation agent, John Langdon, testified for the State. Langdon told the jury that Braithwaite had missed a scheduled meeting with him on the morning of the murder. After the close of evidence, but prior to deliberations, the trial court learned that several jurors had noticed the words "sex offender" (or something to that effect) written on the folders Langdon had brought to the witness stand. The court discussed the issue with the parties and decided to see the verdict through. *Id.* at 2–3. Ultimately, the jury found Braithwaite guilty of all three charges. *Id.* at 3.

After the verdict was read and the jury polled, the trial court addressed the issue concerning Langdon's folders. *See* Ex. 2, at 3. Seven of the twelve jurors raised their hands when asked if they had seen any words on the folders Langdon brought to the stand. The court questioned each juror individually. The first three jurors said they had seen a large sticker

with the words "sexual abuse" or "sex offender" on Langdon's folders, as well as Braithwaite's name. *See* Respt's Br. Ex. 1, at 5–9 ECF No. 37-1. Juror 2 was particularly offended by Langdon's actions, saying he felt Langdon was deliberately trying to taint the jury. Although Juror 2 said the folders could have influenced the jury into believing that Braithwaite probably was guilty of the charged offenses given his history, when asked if he was able to set that information aside, Juror 2 said, "Yeah, I think so." Ex. 2, at 5.

After the trial court questioned the first three jurors, the defense moved for a mistrial. *See* Ex. 2, at 3. The court took the motion under advisement and continued with its questioning. During that questioning, the court learned that the jurors had discussed the folders while deliberating. However, the jurors agreed during deliberations that they were not able to consider the information on the folders. *See id.* at 4–5. In fact, prior to deliberations, the court cautioned the jurors that Braithwaite's prior convictions—the parties agreed on a total of four—were not proof of guilt of the charged offenses. *See id.* at 6. The court also had instructed the jury to consider only the evidence received during the trial, and jurors agreed that the folders were not evidence they could consider. In the end, all twelve jurors said that they were able to set aside the information on Langdon's folders, that the information did not affect their impression of Braithwaite, and that the information did not impact their verdict. *See id.* at 3. The court denied the defense's motion for a mistrial because the jurors indicated that the information on Langdon's folders did not influence their decision making.

The trial court sentenced Braithwaite to life in prison plus a consecutive sentence of eighty-seven years in prison and thirty-five years of extended supervision. *See* Am. Pet., at 2, ECF No. 26.

3

Case 2:17-cv-01372-SCD   Filed 06/04/25   Page 3 of 11   Document 40

Braithwaite appealed, arguing that the trial court erroneously exercised its discretion when it denied the motion for a mistrial. *See* Ex. 1. The Wisconsin Court of Appeals affirmed the judgment of conviction. *See* Ex. 2.[1] According to the court of appeals, the trial court properly exercised its discretion and did everything right under the circumstances: it provided limiting instructions, it questioned each juror individually, and it obtained assurances from each juror that the information on Langdon's folders did not impact the verdict. *See id.* at 4–7. The court found that, given their post-verdict comments, the jurors clearly understood the trial court's general pre-verdict cautionary instructions. The court further found that the State presented sufficient evidence at trial to support the jury's verdict. The Wisconsin Supreme Court subsequently denied Braithwaite's petition for review. *See* Respt's Br. Ex. 3, ECF No. 37-3.[2]

In October 2017, Braithwaite filed a federal habeas petition alleging three potential grounds for relief. *See* Pet., ECF No. 1. Federal proceedings were stayed while Braithwaite, who is representing himself in this action, attempted to exhaust his state-court remedies concerning several of his claims. *See* Order Granting Stay, ECF No. 8. After the stay was lifted, in November 2023, Braithwaite filed an amended petition that appeared to allege five potential grounds for relief. *See* Am. Pet., at 6–18. However, Judge Pepper permitted Braithwaite to proceed only on the first ground—that the trial court erroneously exercised its discretion when it denied the motion for mistrial. *See* Screening Order, ECF No. 27. In March 2025, the matter was reassigned to this court after all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 32, 33 & 34.

---

[1] *See State v. Braithwaite*, No. 2016AP80-CR, 2016 WL 7177464, 2016 Wisc. App. LEXIS 785 (Wis. Ct. App. Dec. 7, 2016).

[2] *See State v. Braithwaite*, No. 2016AP80-CR, 2017 Wisc. LEXIS 193 (Wis. Mar. 13, 2017).

Kevin Garceau, the warden who has custody of Braithwaite, has moved to dismiss the amended petition under Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts and Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Respt's Mot., ECF No. 36; Respt's Br., ECF No. 37. Braithwaite has submitted a brief opposing the motion. *See* Petr's Resp., ECF No. 38. And Garceau has filed a reply brief. *See* Respt's Reply, ECF No. 39.

**DISCUSSION**

Garceau argues that Braithwaite's amended petition must be dismissed because his mistrial claim is a matter of state law that is not cognizable in federal habeas corpus. In response, Braithwaite contends that the state trial court's handling of the folder issue violated his due process right to a fair trial by relieving the State of its burden to prove guilt beyond a reasonable doubt. Braithwaite insists that the error was prejudicial, as the case against him was largely circumstantial and the juvenile sexual assault adjudication was outdated, factually dissimilar from the 2012 charges, and highly inflammatory. Braithwaite also criticizes the trial court for not giving a more specific cautionary instruction *before* the jury deliberated. Garceau acknowledges that, under certain circumstances, the failure to grant a mistrial might conceivably implicate due process. However, according to Garceau, Braithwaite did not fairly present a due process claim to the state courts.

To the extent Braithwaite challenges the trial court's discretionary decision not to grant a mistrial, that claim is not cognizable under § 2254. A state prisoner like Braithwaite may seek habeas relief under § 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has repeatedly explained "that 'federal habeas corpus relief does not lie for errors of state

5

law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Deciding whether to grant a mistrial generally is a matter of state law and, therefore, is not cognizable on federal habeas review. *See Barry v. Warren*, No. 19-1855, 2019 WL 7834652, 2019 U.S. App. LEXIS 40974, at *8–9 (6th Cir. Dec. 11, 2019) (citing *Estelle*, 502 U.S. at 67–68).

However, the decision on whether to grant a mistrial can sometimes impact federal constitutional rights. "For example, if a mistrial is requested because of perceived unfairness caused by the admission of evidence . . . , and the request is denied, the underlying impropriety might result in the denial of due process." *Perez v. Macauley*, No. 1:23-cv-309, 2023 WL 3267763, 2023 U.S. Dist. LEXIS 79290, at *14 (W.D. Mich. May 5, 2023) (citing *Arizona v. Washington*, 434 U.S. 497, 514 (1978)). Evidentiary questions are subject to federal review under § 2254 if the admission of evidence resulted in the "denial of fundamental fairness or the denial of a specific constitutional right." *United States ex rel. Di Giacomo v. Franzen*, 680 F.2d 515, 517 (7th Cir. 1982) (citing *United States ex rel. Clark v. Fike*, 538 F.2d 750, 757 (7th Cir. 1976)).

To the extent Braithwaite alleges that the trial court's mistrial decision impacted his due process rights, he did not fairly present that claim to the state courts. "Before seeking relief in federal court, a habeas petitioner must first give the State the opportunity to address and correct any alleged violation of his federal rights." *Brown v. Eplett*, 48 F.4th 543, 552 (7th Cir. 2022); *see also* 28 U.S.C. § 2254(b), (c). This means that the petitioner "must fairly present his federal claim through one complete round of review in state court, 'thereby alerting that court to the federal nature of the claim.'" *Id.* (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). "To satisfy that requirement, he must present both the operative facts and the legal principles

6

that control each claim to the state judiciary." *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001) (citing *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999); *Bocian v. Godinez*, 101 F.3d 465, 469 (7th Cir. 1996)).

"Fair presentment . . . does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same." *Anderson v. Benik*, 471 F.3d 811, 814–15 (7th Cir. 2006) (citing *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001)). "In the absence of a state rule that specifically governs the presentment of a constitutional claim," courts consider four factors when assessing whether a habeas petitioner fairly presented his federal claim in state court:

> (1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Wilson*, 243 F.3d at 327 (citing *United States ex rel. Sullivan v. Fairman*, 731 F.2d 450, 454 (7th Cir. 1984)). "If none of the four factors is present and the state has not otherwise signaled its satisfaction with the presentment of the federal claim, then this court will not consider the state courts to have had a fair opportunity to consider the claim." *Id.* at 327–28 (quoting *Moleterno v. Nelson*, 114 F.3d 629, 634 (7th Cir. 1997)).

None of the four factors is present here. Braithwaite, who was represented by counsel during his direct appeal in state court, did not cite any federal cases in his appellate brief. *See* Ex. 1. He relied on four state cases that did not apply a constitutional analysis. *See id.* at 3. One addressed the general standard for reviewing a circuit court's exercise of discretion in Wisconsin. *See Hartung v. Hartung*, 306 N.W.2d 16, 20–21 (Wis. 1981). The other three simply noted that, in Wisconsin, a mistrial is a discretionary remedy; they did not discuss the failure

7

to grant a mistrial as a potential constitutional violation. *See State v. Ross*, 2003 WI App 27, ¶ 47, 659 N.W.2d 122, 134; *Johnson v. State*, 249 N.W.2d 593, 603–04 (Wis. 1977); *State v. Pankow*, 422 N.W.2d 913, 921–22 (Wis. Ct. App. 1988).

Braithwaite also did not frame his mistrial claim in terms so particular as to call to mind his right to due process or allege a pattern of facts that is well within the mainstream of due process litigation. He never mentioned due process or the Constitution in his appellate brief. *See* Ex. 1, at 14–18. Instead, he simply argued that allowing the jury to learn that he was a convicted sex offender was highly prejudicial and that the trial court erred in not providing a cautionary instruction and not granting his motion for a mistrial. The Wisconsin Court of Appeals understandably did not perceive a federal claim and affirmed Braithwaite's judgment of conviction under state law, finding that the trial court properly exercised its discretion in denying the mistrial motion. *See* Ex. 2, at 4–7. Thus, Braithwaite failed to fairly present his mistrial claim as a constitutional claim in his state appellate brief.

Because Braithwaite did not give the state courts an opportunity to address his federal claim, and because the opportunity to raise that claim appears to have lapsed, *see* Wis. Stat. § 974.06 and *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994), I am precluded from reviewing the merits of Braithwaite's mistrial claim unless he can show both cause for and prejudice from the default or can demonstrate that the court's failure to consider the claim would result in a fundamental miscarriage of justice. *See Lieberman v. Thomas*, 505 F.3d 665, 669–71 (7th Cir. 2007) (citing *Conner v. McBride*, 375 F.3d 643, 648 (7th Cir. 2004); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004)); *see also Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013) (citations omitted). Braithwaite does not attempt to argue cause and prejudice; however,

he does claim to be innocent, asserting that he only had a consensual encounter with the victim. *See* Petr's Resp. 4.

"[W]hen a petitioner accompanies his persuasive showing of actual innocence with a different claim for relief[,] . . . actual innocence may be used as a 'gateway' to excuse procedural defaults that would otherwise bar a federal court from reaching the merits of the underlying claims." *Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 391–93 (2013)). "The actual innocence gateway is narrow." *Id.* at 896. Braithwaite's "procedural default can be excused only if he 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). Braithwaite "must show that 'in light of new evidence, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *Id.* (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)). "Such new evidence can take the form of any 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Id.* (quoting *Schlup*, 513 U.S. at 324). In determining whether the exception applies, courts must "consider[] the total record—'all the evidence, old and new, incriminatory and exculpatory'—and make[] 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Gladney*, 799 F.3d at 896 (quoting *House*, 547 U.S. at 538).

Braithwaite has failed to satisfy the demanding standard for passing through the actual innocence gateway. He does not present *any* evidence—new or otherwise—that calls into question the validity of his convictions. An unsupported claim of innocence is insufficient to excuse a procedural default.

Finally, Braithwaite's reliance on *Kipp v. Davis* is misplaced. That case involved a state murder and rape trial in which the jury was allowed to hear details about an unadjudicated murder and rape the prosecution attempted to pin on the defendant. *See Kipp v. Davis*, 971 F.3d 939, 944–45 (9th Cir. 2020). The Ninth Circuit reversed the denial of federal habeas relief, finding that the state court's decision to affirm the admission of the "other acts" evidence was based on an unreasonable determination of the facts in light of the evidence presented in state court and that the admission of that evidence violated the petitioner's due process right to a fair trial. *See id.* at 949–60. *Kipp*, of course, is not binding on this court. It is also not strong persuasive authority: in that case, the jury learned extensive details about a similar, uncharged offense; the due-process claim was briefed in state court; and the state court's decision rested on an unreasonable factual determination. In contrast, in our case, the jury did not learn any details about the juvenile sexual assault—only that Braithwaite might have been a sex offender; Braithwaite did not present his mistrial claim as a due process claim in state court; and Braithwaite attacks only the state court's legal conclusion, not its factual determinations. Thus, *Kipp* is of no help to Braithwaite.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Where a district court denies a habeas petition on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (emphasis added). Here, no

10

Case 2:17-cv-01372-SCD     Filed 06/04/25     Page 10 of 11     Document 40

reasonable jurist would find it debatable whether Braithwaite procedurally defaulted his mistrial claim—the sole ground on which he was allowed to proceed. I will therefore deny a certificate of appealability.

## CONCLUSION

In sum, federal merits review is foreclosed on the sole ground on which Braithwaite was permitted to proceed in this habeas action. Braithwaite did not fairly present his mistrial claim as a federal claim in state court, and he has not established an excuse for that default. Accordingly, for all the foregoing reasons, the court **GRANTS** the respondent's motion to dismiss, ECF No. 36; **DENIES** the amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody, ECF No. 26; and **DISMISSES** this action. The court also **DENIES** the petitioner a certificate of appealability. The clerk of court shall enter judgment denying the petition and dismissing this action.

**SO ORDERED** this 4th day of June, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge